HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8
TRADER JOE'S COMPANY, a California
corporation,

9

Plaintiff,

10

11
vs.

12
MICHAEL NORMAN HALLATT, an
individual, d/b/a PIRATE JOE'S a/k/a
TRANSILVANIA TRADING, and DOES 1-
10,

13

14

15
Defendant.

16

CIVIL ACTION NO. 2:13-CV-00768

**DEFENDANT'S MOTION TO
DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION**

NOTE ON MOTION CALENDAR:
Friday, August 23, 2013

17
## I.   INTRODUCTION

18
Defendant Michael Norman Hallatt d/b/a Pirate Joe's a/k/a Transilvania Trading

19
("Defendant") brings this motion to dismiss Plaintiff Trader Joe's Company's ("Plaintiff")

20
Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil

21
Procedure 12(b)(1).   Plaintiff filed its Complaint in federal court, alleging that Defendant

22
violated the Lanham Act by reselling Plaintiff's products in Canada.   Plaintiff maintains that the

23
Court has federal question jurisdiction over Plaintiff's Lanham Act claims and, thus, has

24
supplemental jurisdiction over the state law claims.   However, Plaintiff has not and cannot

25
demonstrate that the Court may exercise extraterritorial jurisdiction over Plaintiff's Lanham Act

MOTION TO DISMISS -1-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   claims.   Without the Lanham Act claims, the Court would no longer have supplemental

2   jurisdiction over Plaintiff's state law claims.   Accordingly, Defendant respectfully requests that

3   the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

4   ## II.   FACTUAL BACKGROUND

5           Defendant Michael Hallatt is a Canadian citizen[1] who owns and operates a neighborhood

6   store called Pirate Joe's located in Vancouver, British Columbia, Canada.   Dkt.#1 (Complaint) at

7   ¶¶ 4, 23; Dkt.#24 (Amended Answer) at ¶¶ 2-5; *see also* Declaration of Michael Normal Hallatt

8   ("Hallatt Decl.") at ¶ 2.   Plaintiff Trader Joe's alleges that it is a California corporation that sells

9   grocery products within the United States.   Dkt.#1 ¶ 1.   Defendant is unaware of Trader Joe's

10  selling any of its products in Canada, generally, or Vancouver, specifically.   Hallatt Decl. ¶¶ 2-3.

11  Plaintiff alleges that it sells its products exclusively through its retail stores, but does not allege

12  that it has any retail stores in Canada.   *See, e.g.*, Dkt.#1 ¶¶ 13, 19, 21; *see also id.* ¶ 24 (alleging

13  that Plaintiff maintains a website, but does not sell products through the website).   Defendant

14  Hallatt lawfully purchases Trader Joe's products at retail price from Trader Joe's stores in the

15  United States.   Hallatt Decl. at ¶ 3.   Defendant Hallatt then takes those products to Vancouver,

16  Canada, where he re-sells the products in his neighborhood store.   *Id.*; *see also* Dkt.#1 ¶¶ 25-28.

17          Plaintiff brought the present lawsuit seeking injunctive relief and damages against

18  Defendant for alleged violations of the Lanham Act and for violations of RCW 19.77.160 and

19  19.86.090.   Plaintiff alleges that jurisdiction in this Court is proper as the Court has federal

20  question jurisdiction over the Lanham Act claims and supplemental jurisdiction over the state

21  law claims.   Dkt.#1 at ¶ 7.   However, as discussed below, the Court lacks subject matter

22  jurisdiction over Plaintiff's claims.   *See also* Dkt.#24 ¶ 7 (denying allegations that this Court has

23  subject matter jurisdiction).

24

25  [1]   Hallatt also holds U.S. Permanent Resident Alien status.   Hallatt Decl. ¶ 2.

MOTION TO DISMISS -2-
2:13-cv-00768

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4843-4615-4516\1

## III.    ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move for dismissal of a claim for lack of subject matter jurisdiction.[2]  Because federal courts are courts of limited jurisdiction, the Court presumes lack of jurisdiction, and the party seeking to invoke the Court's jurisdiction bears the burden of proving that subject matter jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A challenge of the court's jurisdiction under Rule 12(b)(1) may be raised as either a facial attack or a factual attack.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citing 2 James W. Moore, Moore's Federal Practice § 12.30 [4] (3d ed. 1999)).  When attacking a complaint facially, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  When faced with a factual attack, the Court may consider limited evidence beyond the complaint.  *See White*, 227 F.3d at 1242.  Here, Plaintiff's Complaint fails both facially and factually for lack of subject matter jurisdiction.

### A.    The Lanham Act Does Not Apply to Defendant's Extraterritorial Actions

To determine if the Lanham Act may be applied to alleged violations occurring outside of the United States, a three-part test is used.  *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 612 (9th Cir. 2010).  For the Lanham Act to apply extraterritorially, all three of the following elements must be satisfied:  (1) the alleged violations must create some effect on United States foreign commerce; (2) the effect must be sufficiently great to present a cognizable injury to the plaintiffs under the Lanham Act; and (3) the interests of and links to U.S. foreign

---

[2]  This Rule 12(b)(1) motion is timely, as the deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012).  "[T]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Id.* (*quoting Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).

MOTION TO DISMISS -3-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

commerce must be sufficiently strong in relation to those of other nations to justify an assertion of extraterritorial authority. *Id.* Here, none of the three required factors are satisfied. Accordingly, the Lanham Act does not apply to Defendant's actions in Canada and the Court lacks subject matter jurisdiction over Plaintiff's claims.

### 1.   There is No Effect on U.S. Foreign Commerce

The location of the acts that have caused harm bears on whether there is an effect on U.S. foreign commerce. *See Love*, 611 F.3d at 613. For the Lanham Act to apply when the allegedly unlawful conduct happened abroad and was directed only to foreign consumers, the Plaintiff typically must demonstrate that the complained of actions caused monetary injury in the United States. *See id.* Unlike other cases where an effect on U.S. foreign commerce was found, here Plaintiff does not allege that it has experienced a loss of profit or other monetary injury as a result of Defendant's actions. *See* Dkt.#1 ¶¶ 25-28. Rather, the Complaint only alleges that there is a "risk" that Plaintiff will be harmed by Defendant's activity. Dkt.#1 at ¶¶ 35–37. Thus, the Complaint fails on its face to allege facts sufficient for the Lanham Act to apply.

Even if Plaintiff had alleged monetary injury in the United States, such an allegation would be unsupportable by facts. There is no evidence whatsoever that Defendant's alleged actions have caused monetary harm to Plaintiff.[3] Indeed, Defendant's activities clearly increases Plaintiff's profits, as Defendant purchases Plaintiff's products from Plaintiff before he resells them to customers at his neighborhood store in Canada. These customers otherwise would not have access to the products, and the sales take place in a market where Plaintiff does not sell its products. Accordingly, Plaintiff cannot satisfy the first prong of the three-part test for

---

[3]   Significantly, the Complaint alleges that Defendant purchases the Trader Joe's products from its retail stores. Dkt.#1 ¶ 25. There are no allegations, nor could there be, that Defendant obtains the goods other than by purchasing the goods at Trader Joe's retail stores. *Id.*

MOTION TO DISMISS -4-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

extraterritorial application of the Lanham Act.  Thus, the Court lacks subject matter jurisdiction over Plaintiff's Lanham Act claims.

### 2. Defendant's Actions Have Not Resulted in a Cognizable Injury to Plaintiff

Plaintiff has not alleged and cannot prove any effect on U.S. commerce as a result of Defendant's actions, let alone an effect "sufficiently great" to constitute a cognizable injury under the Lanham Act.  A loss of current and prospective business opportunity may be sufficient to establish a cognizable injury under the Lanham Act.  *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 769 F.2d 1393, 1395 (9th Cir. 1985).  Monetary injury can also be sufficient to constitute a cognizable injury under the Lanham Act.  *See Ocean Garden, Inc. v. Marktrade Co., Inc.*, 953 F.2d 500, 503 (9th Cir. 1991).  However, Plaintiff has not alleged and cannot prove *any* loss of business opportunity or monetary injury as the result of Defendant's actions.

It is difficult to think of a scenario where Defendant's actions could cause lost business opportunity or monetary injury to Plaintiff.  Plaintiff sells its products exclusively through its retail stores, but has no retail stores in Canada.  Dkt.#1 ¶¶ 13, 19, 21.  Plaintiff does not sell its products through its website.  *Id.* ¶ 24.  Based on Plaintiff's own allegations, Trader Joe's directs none of its sales to Canada.  Defendant, on the other hand (again, based on Plaintiff's own allegations), directs none of its sales to the U.S.

However, even if Plaintiff's Complaint did allege such an injury, Plaintiff would bear the burden of showing that any loss in profit or business opportunity was solely caused by Defendant's conduct.  Where the connection between the loss of business and its proximate cause is too attenuated, there is no cognizable injury.  *See Love*, 611 F.3d at 613.  In *Love*, the court found that plaintiff musician's claim that sales of tickets to his U.S. concerts decreased as a result of allegedly infringing music sales in Europe was "too great a stretch" to present a cognizable injury under the Lanham Act.  *Id.*  Similarly, any allegation by Plaintiff that

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  Defendant's actions caused the "risk" of lost profits or lost business opportunity would be too

2  great a stretch to present a cognizable injury under the Lanham Act.

3    Thus, Plaintiff has not demonstrated, and indeed cannot demonstrate, that Defendant's

4  conduct affected United States commerce, let alone that it sufficiently affected U.S. commerce so

5  as to result in a cognizable injury to Plaintiff.  The second factor of the three-prong test is not

6  met, so the Lanham Act cannot be applied to Defendant's extraterritorial acts.

7     **3.**  **Effect on Commerce in Relation to Other Nations' Interest**

8    The third element is dependent on the balancing of seven factors: (1) the degree of

9  conflict with foreign law or policy; (2) the nationality or allegiance of the parties and the

10  locations or principal places of business of any corporations involved; (3) the extent to which an

11  order by a U.S. court can be expected to achieve compliance with the Lanham Act; (4) the

12  relative significance of effects on the United States as compared with those elsewhere; (5) the

13  extent to which there is an explicit purpose to harm or affect U.S. commerce; (6) the

14  foreseeability of such effect; and (7) the relative importance to the violations charged of conduct

15  that occurred within the United States as compared with conduct abroad.  *See Star-Kist*, 769 F.2d

16  at 1395–96.  Here, the seven factors weigh against the extraterritorial application of the Lanham

17  Act.  Thus, Plaintiff fails to meet the third element as well.

18     **a.**  **Degree of Conflict with Foreign Law or Policy**

19    The first factor considered is whether application of the Lanham Act would conflict with

20  foreign law or policy.  Where the commerce sought to be restrained is wholly foreign commerce,

21  the application of the Lanham Act could create a conflict with the foreign country's patent and

22  trademark law.  *See Star-Kist*, 769 F.2d at 1396.  A foreign country has a significant interest in

23  restricting the extraterritorial application of the Lanham Act to wholly foreign commerce.  *See*

24  *id.*; *see also Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 555, n.5 (9th Cir. 1992)

25  ("…it is a sufficiently cognizable interest…for there to exist the *possibility* of a conflict…")

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   (emphasis original).  Here, the allegedly unlawful conduct, Defendant's re-sale of Plaintiff's

2   products in Canada, occurs solely in Canada.  Canada has a significant interest in restricting the

3   extraterritorial application of the Lanham Act to Canadian commerce.

### b.     Nationality/Location of Business

5   The next factor considered is the nationality of the defendant or defendant's principal

6   place of business.  Hallatt is a Canadian citizen, but does hold U.S. Permanent Resident Alien

7   status.  Hallatt Decl. ¶ 2.  More importantly, however, Hallatt's neighborhood grocery store,

8   where he re-sells Trader Joe's products, is a Canadian business with no offices in the United

9   States.  *Id.* at ¶¶ 2-3.  There are no sales in the United States.  This factor weighs against

10  extraterritorial application of the Lanham Act.

### c.     Achieving Compliance

12  The third factor examines the extent to which an order by a U.S. court can be expected to

13  achieve compliance with the Lanham Act.  Compliance is likely to be effective where the

14  defendant is a U.S. corporation, has its principal place of business in the U.S., or has significant

15  assets in the U.S and where the majority of the activities are directed toward U.S. commerce and

16  customers.  *See Ocean Garden*, 953 F.2d at 504; *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*,

17  970 F.2d 552, 557 (9th Cir. 1992).  Defendant has no place of business in the U.S. – his store is

18  located in Canada – and his allegedly unlawful activities are not directed toward U.S. commerce

19  or customers.  This factor weighs against extraterritorial application of the Lanham Act.

### d.     Significance of Effects on U.S. Commerce

21  The fourth factor examines the relative significance of effects on the United States as

22  compared with that elsewhere.  Where the alleged infringement occurs in wholly foreign

23  commerce, the effect on U.S. commerce is "relatively insignificant."  *Star-Kist*, 769 F.2d at

24  1396.  Here, as discussed above, Defendant's actions cause no significant effect on U.S.

MOTION TO DISMISS -7-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    commerce.  Indeed, Plaintiff itself alleges that Defendant purchases the products at authorized

2    distribution sites, *i.e.*, Trader Joe's retail stores.  Dkt.#1 ¶ 25.  More importantly, the fact remains

3    that all sales are occurring in Canada, not the U.S.  *Id.* ¶¶ 26 ("…[Defendant has] transported and

4    continue[s] to transport TRADER JOE'S-brand products…*across the United States border with*

5    *Canada*") (emphasis added); 27 ("...[Defendant has] re-sold and [is] currently re-selling

6    TRADER JOE'S-brand products at Pirate Joe's and/or Transilvania Trading").     Thus,

7    Defendant's conduct has a greater effect on Canadian commerce than it does on U.S. foreign

8    commerce.  Therefore, this factor weighs against extraterritorial application of the Lanham Act.

9              **e.**      **Purpose to Harm or Affect U.S. Commerce and Foreseeability**

10             Factors five and six, respectively, examine the extent to which there is an explicit purpose

11   to harm or affect U.S. commerce and the foreseeability of such an effect.  Here, Defendant has

12   no purpose to harm U.S. commerce, and any such harm is not foreseeable.  Defendant lawfully

13   purchases Plaintiff's products and brings them to Vancouver, Canada, where those products are

14   not currently available for sale.  Defendant has no purpose to harm Plaintiff and no harm is

15   foreseeable.  As such, these two factors weigh against the extraterritorial application of the

16   Lanham Act.

17             **f.**      **Relative Importance**

18             The seventh factor examines the relative importance to the allegations of conduct that

19   occurred within the United States as compared with conduct abroad.  The act that lies at the heart

20   of Plaintiff's Complaint—the re-sale of Plaintiff's products in Defendant's neighborhood store—

21   occurs only in Canada.  All of the allegedly infringing acts occurred in Canada.  Thus, this factor

22   weighs against extraterritorial jurisdiction.

23             Most, if not all, of the seven factors weigh against the extraterritorial application of the

24   Lanham Act.  Thus, none of the three elements for applying the Lanham Act are met.  As such,

25

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  Defendant respectfully requests that the Court dismiss Plaintiff's Lanham Act claims for lack of

2  subject matter jurisdiction.

3      **B.**    **Remaining State Law Claims**

4      When a court dismisses on the merits a federal claim that served as the sole basis for

5  subject matter jurisdiction, it has discretion to retain jurisdiction over any supplemental state law

6  claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 728 (1966). However, when a federal

7  claim is dismissed for lack of subject matter jurisdiction, a court has no discretion to retain

8  supplemental jurisdiction over state law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d

9  646, 664 (9th Cir. 2002). Here, the Complaint provides that the Court's jurisdiction rests solely

10  on Plaintiff's Lanham Act claims, which as discussed above, should be dismissed for lack of

11  subject matter jurisdiction. Consequently, the Court no longer has jurisdiction to hear Plaintiff's

12  supplemental state law claims. Accordingly, Defendant respectfully requests that the Court

13  dismiss Plaintiff's state law claims for lack of jurisdiction.

14      **IV.**    **CONCLUSION**

15      For the foregoing reasons, Defendant respectfully requests that the Court dismiss

16  Plaintiff's Complaint for lack of subject matter jurisdiction.

17  DATED this 1st day of August, 2013.      DORSEY & WHITNEY LLP

18

19                                */s/ Nathan T. Alexander*
                              Nathan T. Alexander, WSBA No. 37040
                              alexander.nathan@dorsey.com

20

21                                */s/ Patchen M. Haggerty*
                              Patchen M. Haggerty, WSBA No. 39132

22                                haggerty.patchen@dorsey.com
                              701 Fifth Avenue, Suite 6100

23                                Seattle, WA 98104-7043
                              Telephone: (206) 903.8800

24

25                                Counsel for Defendant Michael Hallatt

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Scott T. Wilsdon
Jeremy E. Roller
Yarmuth Wilsdon PLLC
818 Stewart Street, Suite 1400
Seattle, WA  98101-3335

Brian M. Berliner
Jordan Raphael
O'Melveny & Myers LLP
400 South Hope Street, Suite 1050
Los Angeles, CA  90071-2899


/s/ Nancy Masterson
Nancy Masterson

MOTION TO DISMISS -10-
2:13-cv-00768

4843-4615-4516\1

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820