HONORABLE MARSHA J. PECHMAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRADER JOE'S COMPANY, a California
corporation,

                Plaintiff,

    vs.

MICHAEL NORMAN HALLATT, an
individual, d/b/a PIRATE JOE'S a/k/a
TRANSILVANIA TRADING, and DOES 1-
10,

                Defendant.

CIVIL ACTION NO. 2:13-CV-00768

**DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER
JURISDICTION**

NOTE ON MOTION CALENDAR:
Friday, August 23, 2013

REPLY IN SUPPORT OF MOTION TO DISMISS
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I.   INTRODUCTION

The only question before the Court is whether the Court has subject matter jurisdiction to consider the claims raised by Trader Joe's Company ("Plaintiff").  Because Plaintiff fails to establish that this Court has subject matter jurisdiction over the alleged activities of Defendant Michael Hallatt d/b/a/ Pirate Joe's a/k/a Transilvania Trading ("Defendant"), its complaint should be dismissed.  Plaintiff's opposition repeatedly either attempts to create a wholly new standard for determining subject matter jurisdiction or misconstrues the correct standard—the *Timberlane* test.  However, Plaintiff cannot escape the facts that are fatal to its complaint:  all of the allegedly infringing actions took place in Canada and were directed solely toward Canadian consumers.  There is *no* impact on United States foreign commerce, let alone an impact that is sufficiently great to constitute a cognizable injury.  Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

## II.   ARGUMENT AND AUTHORITY

### A.   Defendant Properly Brought its Motion as Both a Facial and Factual Attack

Defendant's motion clearly mounted both a facial and factual challenge of subject matter jurisdiction.  Dkt.#25 at p. 3.  Rather than defend against the factual attack, Plaintiff argues that Defendant's motion is only a facial attack, as though, by re-characterizing the motion, Plaintiff can undermine the substance of the motion.  Dkt.#28 at p. 9.  Plaintiff is wrong, and has no evidence to survive Defendant's factual attack on subject matter jurisdiction.

Once a defendant raises a factual attack on subject matter jurisdiction, "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (2009).  Defendant clearly raised a factual attack with regard to the first two *Timberlane* elements, arguing that no evidence exists to support those elements.  Dkt.#25 at p. 4-6.  Additionally, in examining the third

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

element, which consists of a balancing of seven factors, Defendant supplied evidence where necessary or appropriate (*i.e.*, for the nationality/location of business and achieving compliance factors).  Dkt.#25 at p. 6-9.  Apparently Plaintiff maintains that Defendant must present evidence demonstrating a lack of effect on U.S. commerce and a lack of cognizable injury, but it is difficult to fathom what form such evidence in the negative would take.

Regardless, the motion clearly and unambiguously raised a factual attack on subject matter jurisdiction.  As a result, it was Plaintiff's burden to present evidence demonstrating that the *Timberlane* elements for the extraterritorial application of the Lanham Act are satisfied.  Plaintiff declined to do so, almost certainly because no such evidence exists.  Indeed, it is notable that, despite Plaintiff's contention that the motion should be considered as only a facial attack and thus should be determined on the pleadings alone, Plaintiff attached a declaration with four exhibits supporting its argument that subject matter jurisdiction exists.  *See* Dkt.#29.  Certainly, if Plaintiff had additional evidentiary support for its claim of jurisdiction, Plaintiff would have presented it.  Defendant's motion should be considered both a facial and factual attack on subject matter jurisdiction.  Plaintiff failed to present evidence to establish jurisdiction.

**B.      This Court Does Not Have Subject Matter Jurisdiction**

Plaintiff argues that courts routinely deny motions to dismiss Lanham Act claims on jurisdictional grounds.  This is accurate, but only where the court has found the plaintiff satisfied the *Timberlane* factors.  For example, in *Aristocrat Techs., Inc. v. High Impact Design & Entm't*, which Plaintiff cites for support of the routine denial of Rule 12(b)(1) motions, the court found precisely what is lacking here:  an effect on foreign commerce constituting a cognizable injury, because the plaintiff alleged that the defendant's conduct prevented the plaintiff from importing its machines from the U.S. into Venezuela, causing an effect on U.S. commerce and thereby decreasing the plaintiff's revenue from sales.  642 F.Supp. 2d 1228, 1236 (D. Nev. 2009).  The next example Plaintiff cites, *Airwair Int'l v. Vans, Inc.*, is similarly distinguishable.  In *Airwair*,

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX:  (206) 903-8820

Plaintiff alleged that the defendant's infringing product was making its way into the United States, causing injury to the plaintiff in the United States.  No. 5:12-CV-05060-EJD, 2013 WL 3786309, at *3–4 (N.D. Cal. Jul. 17, 2013).

Unlike the plaintiffs in *Aristrocrat* and *Airwair*, Plaintiff has not alleged or provided evidence of facts to satisfy the three *Timberlane* elements: (1) the alleged violations create an effect on U.S. commerce; (2) that effect is sufficiently great to constitute a cognizable injury to the plaintiff; and (3) the interests of and links to U.S. foreign commerce are sufficiently strong in relation to those of other nations to justify an assertion of extraterritorial authority.  *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 612 (9th Cir. 2010).  Plaintiff fails to establish a single *Timberlane* element, and therefore fails to establish subject matter jurisdiction.  *See id.*

      **1.**      **Defendant's Acts Have Not Affected U.S. Commerce and Any Effect Does Not Rise to the Level of a Cognizable Injury.**

      **a.**      **Plaintiff Misconstrues the First Two Elements of the *Timberlane* Test.**

In its discussion of the first two *Timberlane* elements, Plaintiff devotes much time to arguing that Defendant's actions dilute Plaintiff's trademarks and create a *risk* of reputational harm.  Dkt.#28 at p. 12–17; *compare* Dkt.#1 at ¶¶ 35-37.  However, Plaintiff has apparently confused the first two elements of the *Timberlane* test as constituting an examination of the underlying merits of the Lanham Act claim.[1]  That is not the proper inquiry when determining if the Lanham Act should be applied extraterritorially.  Rather, the proper inquiry is: (1) whether Defendant's actions created some effect on U.S. foreign commerce; and *then* (2) whether that effect is sufficiently great to present a cognizable injury to Plaintiff.  *Love*, 611 F.3d at 602.  Plaintiff has not alleged or provided any facts supporting either of these two elements.  Plaintiff

---

[1]  While the merits of Plaintiff's trademark claims are not at issue, Defendant notes that its actions are permissible under the first sale doctrine, which provides that the resale of a product is not trademark infringement.  *Sebastian Int'l, Inc. v. Longs Drug-Stores Corp.*, 53 F.3d 1073, 1076 (9th Cir. 1995).

REPLY IN SUPPORT OF MOTION TO DISMISS -3-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

argues a standard that is entirely backwards: assuming that the Lanham Act applies extraterritorially, and then examining whether a U.S. plaintiff could obtain damages when the Lanham Act is applied extraterritorially. That is not the test followed in the Ninth Circuit.

In attempting to fabricate an effect on U.S. commerce and resulting injury, Plaintiff relies extensively on cases examining the ultimate issue of trademark infringement and determining compensation for that infringement. None of those cases so much as mention the *Timberlane* test for jurisdiction, much less apply it. Plaintiff's cases include: *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1087 (9th Cir. 1998); *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 244 (2d Cir. 2009); and *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105 (9th Cir. 2012). Plaintiff's reliance on these cases is entirely misplaced.[2] The inquiry is *not* whether Plaintiff could succeed on its trademark claims and obtain compensation under the Lanham Act for such violations. The inquiry is whether the Lanham Act should be applied to these actions in the first place.

### b.  Plaintiff Has Not Demonstrated an Effect on U.S. Commerce Which Is Sufficient to Constitute a Cognizable Injury.

The Ninth Circuit and its district courts have found an effect on U.S. commerce sufficient to constitute a cognizable injury in a variety of scenarios, including: where a defendant prevents a plaintiff from importing its product from the U.S. to a foreign country, causing monetary injury (*Aristocrat*, 642 F.Supp. 2d at 1236); where a defendant's counterfeit goods were coming into the U.S. causing injury in the U.S. (*Airwair*, 2013 WL 3786309, at *3–4); where a defendant's sale of infringing goods abroad was causing lost revenue for a U.S. plaintiff (*Ocean Garden, Inc. v. Marktrade Co., Inc.*, 953 F.2d 500, 503 (9th Cir. 1991)); where a defendant's counterfeit shoes were coming into the U.S. and decreasing the sales of plaintiff's genuine shoes (*Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 555 (9th Cir. 1992)); and where a defendant's

---

[2]   While the validity of Plaintiff's trademark claims are not at issue in this motion, Defendant notes that it does not sell refrigerated or frozen goods. Dkt.#29 at p.10.

REPLY IN SUPPORT OF MOTION TO DISMISS -4-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

foreign sales competed with and decreased a plaintiff's foreign sales, diminishing plaintiff's U.S. revenues (*Winterland Concessions Co. v. Fenton*, 835 F.Supp. 529, 531 (N.D. Cal. 1993)).

Here, Plaintiff has neither alleged nor presented any evidence of any such effect on U.S. commerce that constitutes cognizable injury.  Indeed, Defendant is not preventing Plaintiff from selling its products in Canada, Defendant is not selling counterfeit goods which make their way back to the U.S., and Defendant is not competing for Plaintiff's foreign sales.  Further, while Plaintiff continuously alleges a threat of dilution and reputation harm, Plaintiff has not alleged and cannot prove that Defendant's conduct has resulted in lost profits in the U.S.  In short, Plaintiff has not alleged or demonstrated any form of effect on U.S. commerce, let alone an effect sufficient to rise to the level of a cognizable injury.

In examining the first two *Timberlane* elements, it is wholly irrelevant if Defendant's actions caused dilution or reputational harm if such dilution and reputational harm only occurred in Canada with Canadian consumers.[3]  However, even if, for the sake of argument, ten customers shopped at Defendant's store in Canada, became confused, and decided to no longer shop at Plaintiff's stores in the U.S., this effect would certainly not be a sufficient effect to constitute a cognizable injury.[4]  As Plaintiff states in its Complaint, it operates more than 390 stores.  Dkt.#1 at ¶ 13.  Thus, the loss of a handful of customers hardly constitutes a cognizable injury.

      **c.**    **All of the Cases Relied Upon By Plaintiff Had Allegations of an Actual Monetary Effect on U.S. Commerce Causing Injury.**

Plaintiff relies on a number of cases, most of which are unreported, that do not provide

---

[3]  Plaintiff appears to be inverting the famous-mark exception, which permits a foreign entity to utilize U.S. trademark protections in the U.S. when their foreign trademark has gained sufficient fame in the U.S.  *Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1098 (2004).  Our situation here is just the opposite: Plaintiff, a U.S. entity, is trying to use U.S. trademark protection in Canada, alleging that its U.S. trademark has garnered fame in Canada.  Again, Plaintiff tries to improperly apply a standard in the exact opposite way in which it was intended.

[4]  Defendant strenuously denies that any such confusion or dilution has occurred, though.

REPLY IN SUPPORT OF MOTION TO DISMISS -5-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

any support for Plaintiff's argument of extraterritorial application of the Lanham Act. Plaintiff cites *Airwair* as support for the contention that a loss of goodwill or future purchases constitutes a cognizable injury. Dkt.#28 at p. 13. However, in *Airwair*, the court found that infringing products were coming back into the U.S., causing harm in the U.S. 2013 WL 3786309, at *3–4. Here, Plaintiff has neither alleged nor offered any evidence demonstrating that Defendant's actions are causing harm within the U.S.

Plaintiff's reliance on *Best Western Int'l Inc. v. 1496815 Ontario Inc.* is similarly misplaced. Dkt.#28 at p. 15. In *Best Western*, a U.S. plaintiff overcame a facial attack on subject matter jurisdiction because it had alleged an effect on U.S. commerce, which caused a cognizable injury. No. CV 04-1194, 2007 WL 779699, at *5–6 (D. Ariz. Mar. 13, 2007).[5] Specifically, the plaintiff alleged that the defendant's infringing acts resulted in customers staying at defendant's hotel and diverted customers from plaintiff's authentic hotels in that city, causing monetary injury to the plaintiff in the U.S. *Id.* Here, Plaintiff has not provided any evidence of, or even alleged, that Defendant is diverting its customers or that Plaintiff has been injured monetarily by such diversion. Nor could it. First, it is undisputed that Plaintiff does not direct any of its sales to Canada. Dkt.#25 at p. 5; Dkt.#28 at p. 7. Second, it is undisputed that Defendant buys Plaintiff's product at retail prices. Dkt.#25 at p. 4; Dkt.#28 at 7. Plaintiff reaps the same profit from the sales of any products sold by Defendant, since Defendant first purchases the products from Plaintiff. The *Best Western* case has no application to this matter.

Likewise, *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.* is unhelpful to Plaintiff, as there was a showing in that case of economic injury in the U.S. No. C 07-03952, 2010 WL 5598337 (N.D. Cal. Mar. 19, 2010). Plaintiff simply has not alleged or offered any evidence of

---

5  Significantly, the defendant in *Best Western* specifically consented to the jurisdiction of the courts in Arizona when becoming a member hotel. *Best Western*, 2007 WL 779699, at *1. The defendant was also contractually obligated to remove the Best Western sign. *Id.* at *2.

REPLY IN SUPPORT OF MOTION TO DISMISS -6-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

an economic injury in the U.S.  Similarly, *Marnatech* does not help Plaintiff, as in that case, the infringing products made their way back into the U.S., causing harm in the U.S.  970 F.2d at 554–55.  Plaintiff has not made, and cannot make, such allegations against Defendant.

Plaintiff's opposition brief simply conjures up speculative, hypothetical injuries.  *See* Dkt.#28 at p. 13–17.  Indeed, the opposition proves that Plaintiff has searched and searched, but cannot come up with actual monetary damages.  *See* Dkt.#29.  This is not surprising, however, because Plaintiff has not, in fact, suffered any monetary damage.  Plaintiff received full payment for all of the products that Defendant sold in his neighborhood grocery in Canada.  Dkt.#25 at p. 4.  Plaintiff did not refute that essential fact.  Therefore, Plaintiff's Complaint does not satisfy the requirements of the *Timberlane* test, and the Lanham Act should not be applied extraterritorially.

### 2.    Plaintiff Fails to Satisfy the Third *Timberlane* Element

The third prong of the *Timberlane* test requires that the interests of and links to U.S. foreign commerce be sufficiently strong in relation to those of other nations to justify an assertion of extraterritorial authority.  *Love*, 611 F.3d at 612.  While Plaintiff maintains that this third element is a determination of whether extraterritorial application of the Lanham Act conflicts with the interests of a foreign state, that is actually just one of the seven factors which must be balanced.  Here, upon a balancing of the seven factors, it is clear that Plaintiff has not satisfied, and cannot satisfy, the third element of the *Timberlane* test.

### a.    The Application of the Lanham Act Conflicts with Canada's Interests and Law.

Foreign countries have an interest in applying their own laws, including trademark laws, and in restricting the application of the Lanham Act to wholly foreign commerce.  *See Star-Kist Foods v. P.J. Rhodes & Co.*, 769 F.2d 1393, 1396 (9th Cir. 2012); *Marnatech*, 970 F.2d at 555, n.5.  Canada has its own trademark law which does not mirror the U.S. trademark law and which, indeed, has some significant differences from U.S. law in material respects.  *See*, *e.g.*, Eugene C.

REPLY IN SUPPORT OF MOTION TO DISMISS -7-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Lim, *Dilution, The Section 22 Debacle, and the Protection of Business Goodwill in Canada: Some Insights from U.S. Trademark Law and Policy*, 101 Trademark Rep. 1232, 1233 (2011) (stating that Canada's version of anti-dilution law "appears to differ from the U.S. version of anti-dilution in important respects"). Further, Plaintiff has two Canadian trademark applications. Dkt.#29 at p. 6. Additionally, the alleged bad acts all occur in Canada. As such, Canada clearly has an interest in adjudicating any trademark dispute relating to Defendant's actions. Further, as Plaintiff concedes in its motion, Plaintiff would have to seek the approval of a Canadian court to enforce any injunction issued by this Court. Dkt.#28 at p. 20. As such, it would conflict with Canadian law and interests if the Lanham Act was applied extraterritorially.

> **b.  The Nationality Factor Plainly Weighs Against Extraterritorial Application of the Lanham Act.**

This factor considers the nationality of the defendant and the defendant's principal place of business. Here, both the defendant's nationality and place of business are Canadian. Dkt.#26 at ¶ 2. Thus, this factor weighs against extraterritorial application of the Lanham Act.

Plaintiff attempts to downplay this element as non-dispositive. Dkt.#28 at p. 19. Indeed, it is not dispositive, but it is one factor of the seven factors which must be balanced, and this factor clearly weighs against application of the Lanham Act. Plaintiff's reliance on *Basis Int'l v. Research In Motion Ltd.* is entirely irrelevant. *See* Dkt.#28 at p. 19. The Court in *Basis* did not consider the seven factors provided for in the Ninth Circuit's *Timberlane* test, but rather utilized the Fourth Circuit's test which does not include those factors. 827 F.Supp. 2d 1302, 1305–08 (D.N.M. 2011). As such, *Basis* offers no guidance here. Plaintiff also relies on *Reebok Int'l v. McLaughlin*. Dkt.#28 at p. 19. However, Plaintiff's reliance is misplaced. There, the Court declined to use the *Timberlane* test for subject matter jurisdiction because it was not considering the extraterritorial application of the Lanham Act but rather was considering whether the Court

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

had subject matter jurisdiction to determine if its temporary restraining order had been violated. 49 F.3d 1387, 1391 (9th Cir. 1995).  That is simply not the case here.

> ### c.      Any Compliance Would Require a Court Order from a Canadian Court.

The next factor considered is the extent to which an order by a U.S. court can be expected to achieve compliance with the Lanham Act.  Plaintiff relies on *McLaughlin* in arguing that this factor weighs in Plaintiff's favor.  Dkt.#28 at 20.  However, the court in *McLaughlin* found that the temporary restraining order could not be enforced by a U.S. court, holding that, unless recognized by the foreign government, foreign judgments do not have any force in a foreign country.  49 F.3d 1387, 1392 (9th Cir. 1995).  Indeed, Plaintiff concedes that it would have to go to a Canadian court to obtain enforcement of an injunction against Defendant's allegedly infringing acts in Canada.  Dkt.#28 at p. 20.  However, the Ninth Circuit has held that when the allegedly infringing activities occur in a foreign country and the foreign country can enforce its own or U.S. trademark laws, this factor weighs against extraterritorial application of the Lanham Act unless the U.S. has a superior ability to enforce the judgments or orders, due to the activities being directed toward American commerce and consumers.  *Marnatech*, 970 F.2d at 557.  Here, U.S. courts do not have such a superior ability, as no acts were directed toward U.S. commerce or consumers.  Thus, this factor weighs against the application of the Lanham Act.

> ### d.      Defendant's Acts Have a Greater Effect on Canadian Commerce than on U.S. Commerce.

In discussing this factor, Plaintiff again reiterates its bare allegations that Defendant's conduct has caused and will cause trademark injuries to Plaintiff in the U.S.  However, as discussed *supra*, Plaintiff has not alleged facts, nor provided evidence, demonstrating that Defendant's conduct affects U.S. commerce.  Unlike the case Plaintiff cites for support, Plaintiff has not alleged or demonstrated any financial losses as a result of Defendant's conduct.  *See*

REPLY IN SUPPORT OF MOTION TO DISMISS -9-
2:13-cv-00768

4843-4615-4516\1

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Aristocrat*, 642 F.Supp. 2d at 1237.  Further, Plaintiff disregards that this factor considers the effect on U.S. commerce *as compared to* the effect on commerce elsewhere.  Even if there was an effect on U.S. commerce, the effect on Canadian commerce would necessarily be greater because all of Defendant's allegedly infringing acts occur in Canada, directed to Canadian consumers.  This factor clearly weighs against extraterritorial application of the Lanham Act.

### e.      Defendant Has No Purpose to Harm or Affect U.S. Commerce.

Plaintiff attempts to downplay this factor as well, citing two cases which it alleges did not examine this factor.  Dkt.#28 at p. 20.  However, the *Basis* court did not examine this factor as it used the Fourth Circuit's test which does not require a consideration of the seven factors provided for in the Ninth Circuit's *Timberlane* test.  827 F.Supp. 2d. at 1305–08.  Additionally, in *Marnatech*, the court *did* examine this factor.  970 F.2d at 557.

Here, Defendant's actual purpose is only to provide his Vancouver customers with a product that is not otherwise available in Canada.  Defendant plainly has no purpose to harm or affect U.S. commerce.  Plaintiff's argument to the contrary is absurd.  Plaintiff cites a newspaper article as evidence that Defendant "seeks nothing less than a formal distributorship agreement." Dkt.#28 at p. 21.  First, even if Plaintiff sought a distribution agreement, it is wholly irrelevant to this factor.  Second, it is clear that Defendant has not demanded a distribution agreement with Plaintiff.  Rather a journalist simply suggested that it might be a good idea for Plaintiff to do so. This says nothing about Defendant's intent.  Indeed, Defendant has consistently asserted that its actions are wholly lawful, so a distribution agreement is unnecessary.

### f.      No Effect on U.S. Commerce Was Foreseeable.

Defendant relies on *Airwair* for support that an effect was foreseeable in this "age of frequent intercontinental travel" and because of the "ease of online shopping."  Dkt.#28 at p. 21. However, unlike the defendant in *Airwair*, Defendant does not sell any products online (and neither does Plaintiff - Dkt.#1 at ¶ 21) and there are no allegations or evidence that any products

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

from Defendant's store are making their way back into the U.S.  2013 WL 3786309, at *5. Further, Plaintiff's citation to its cease and desist letter does not demonstrate that an effect on U.S. commerce was foreseeable.  Dkt.#28 at p. 21.  Nowhere in the letter does Plaintiff state that Defendant's conduct was affecting U.S. commerce.  *See* Dkt.#29 at p. 5-6.  Indeed, as discussed *supra*, Defendant's activities cause no harm or effect on U.S. commerce.  Even if they did, such an effect was not foreseeable as Defendant sells the products in Canada and directs his sales toward Canadian consumers only where Plaintiff has no presence.  Dkt.#25 at p. 4, 5.[6]

g.      **The Relative Importance Factor Clearly Favors Defendant.**

Plaintiff misconstrues the relative importance factor as turning on the location of the injury.  Dkt.#28 at p. 21.  This factor actually looks to "the relative importance to the violations charged of conduct within the United States as compared with conduct abroad."  *McLaughlin*, 49 F.3d at 1390 n.2.  Thus, it requires an examination of *where the allegedly infringing conduct occurred*.  Here, *all* of the allegedly infringing conduct occurred in Canada, not the U.S.  Thus, this factor plainly weighs against extraterritorial application of the Lanham Act.[7]

The third *Timberlane* element requires a balancing of the seven factors discussed above. *Star-Kist*, 769 F.2d at 1395–96.  Defendant believes that all of the seven factors undoubtedly disfavor the extraterritorial application of the Lanham Act here.  However, even if one, two or even three of these factors favor the application of the Lanham Act, the total balance of the seven factors still clearly weighs in favor of Defendant and against the extraterritorial application of the

---

[6] Furthermore, as the Court can see, the cease and desist letter was sent to Defendant in February 2012 from a Canadian law firm, discussing Canadian trademarks, and Plaintiff's reputation that "extends to Canada." Dkt.#29 at p. 5. Defendant immediately responded (*id.* at p. 8) and heard nothing again from Plaintiff until *fourteen months later* when Plaintiff filed this lawsuit in the U.S., seemingly out of the blue (Dkt.#1). Such facts do not support the foreseeability factor.

[7] Plaintiff incorrectly states that, in *Ocean Garden*, the court found this factor to weigh in favor of application of the Lanham Act despite all acts occurring outside of the U.S. Dkt.#28 at p. 21. In actuality, the *Ocean Garden* court found there to be relatively important actions in the U.S. 953 F.2d at 504.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Lanham Act.  Thus, the third *Timberlane* element is not met and the Court lacks subject matter jurisdiction.  As such, Plaintiff's complaint should be dismissed.

### C.      Plaintiff Should Not Be Granted Leave to Amend Its Complaint

A court may deny leave to amend "where there is any *apparent or declared* reason for doing so."  *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (1991) (quotation omitted) (emphasis in original).  Specifically, courts look to the "presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."  *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citation omitted).  Here, Plaintiff should not be permitted to amend its complaint, because such amendment would be futile.

Defendant clearly and explicitly raised both a facial and factual attack on subject matter jurisdiction.  Rather than providing factual evidence demonstrating that the Court has subject matter jurisdiction, Plaintiff sought to unilaterally convert Defendant's motion to solely a facial attack, and then requested leave to amend should its complaint be found facially insufficient.  However, it is clear that Plaintiff sought to avoid a factual attack for one reason: there is absolutely *no evidence* supporting its claim of jurisdiction.  Indeed, despite asserting that the motion was only a facial attack, Plaintiff did provide the little evidence it had in the form of a declaration and four exhibits.  Thus, it is apparent that, even if Plaintiff were allowed to amend its complaint to adequately plead the *Timberlane* requirements, such allegations are unsupportable by any evidence.  As such, amendment would be futile and should not be granted.

### III.      CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction without leave to amend.

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DATED this 23rd day of August, 2013.

DORSEY & WHITNEY LLP

*/s/ Nathan T. Alexander*
Nathan T. Alexander, WSBA No. 37040
alexander.nathan@dorsey.com

*/s/ Patchen M. Haggerty*
Patchen M. Haggerty, WSBA No. 39132
haggerty.patchen@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA  98104-7043
Telephone:  (206) 903.8800

Counsel for Defendant Michael Hallatt

REPLY IN SUPPORT OF MOTION TO DISMISS -13-
2:13-cv-00768

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4843-4615-4516\1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of August, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Scott T. Wilsdon                                          Brian M. Berliner
Jeremy E. Roller                                          Jordan Raphael
Yarmuth Wilsdon PLLC                              O'Melveny & Myers LLP
818 Stewart Street, Suite 1400                  400 South Hope Street, Suite 1050
Seattle, WA  98101-3335                          Los Angeles, CA  90071-2899


                                                               */s/ Nancy Masterson*
                                                               Nancy Masterson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

REPLY IN SUPPORT OF MOTION TO DISMISS -14-
2:13-cv-00768

4843-4615-4516\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820