The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRADER JOE'S COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL NORMAN HALLATT, an individual, d/b/a PIRATE JOE'S a/k/a TRANSILVANIA TRADING; and DOES 1-10,<br><br>Defendants. | Case No. 2:13-cv-00768-BJR<br><br>**JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN** |

Plaintiff Trader Joe's Company ("Trader Joe's") and Defendant Michael Norman Hallatt d/b/a Pirate Joe's a/k/a Transilvania Trading ("Hallatt") jointly submit this Joint Status Report and Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), and the Court's October 4, 2016 Amended Standing Order for Civil Cases (Dkt. No. 54). Pursuant to the Court's Order, counsel for Trader Joe's and Hallatt met and conferred telephonically concerning these issues on November 14, 2016.

JOINT STATUS REPORT – Page 1

### 1. Summary of the Case

This is an action for trademark infringement, false advertising, and dilution. Plaintiff Trader Joe's is a U.S. company operating more than 450 grocery stores across the United States, including 24 stores in the state of Washington. It uses a single mark—TRADER JOE'S—both to offer retail grocery services at its Trader Joe's stores and to identify the majority of its products. Trader Joe's alleges that Hallatt and/or other individuals operating under Hallatt's direction travel to Trader Joe's retail grocery stores in Washington, purchase TRADER JOE'S-brand food products from these stores, and transport these products outside Trader Joe's quality control and food safety systems to Hallatt's grocery store in Vancouver, where Hallatt sells them to customers at marked-up prices. Trader Joe's alleges that by reselling TRADER JOE'S-brand food and beverage products outside of Trader Joe's stringent quality-control standards, Hallatt sells materially altered TRADER JOE'S products, infringing Trader Joe's trademark rights and causing harm to Trader Joe's and prospective harm to Trader Joe's customers. In addition, Trader Joe's alleges that Hallatt has engaged in other conduct, such as designing his store to mimic a Trader Joe's store, that misleads consumers into falsely believing that Hallatt's store is authorized by and/or associated with Trader Joe's. After Trader Joe's sent Hallatt a cease-and-desist identifying the above issues, Hallatt refused to cease this activity; instead, he changed the name of his store from "Transilvania Trading" to "Pirate Joe's." Among other things, Trader Joe's seeks money damages, an accounting of Hallatt's profits, and an injunction restraining Hallatt from using the Trader Joe's mark or any confusingly similar mark (including the mark "Pirate Joe's"), and engaging in the unauthorized offering for resale of Trader Joe's products.

On August 1, 2013, Hallatt moved to dismiss Trader Joe's federal claims for lack of subject-matter jurisdiction, arguing that the Lanham Act did not apply to his conduct in Canada. The Honorable Marsha J. Pechman, United States District Court Judge for the

JOINT STATUS REPORT – Page 2

Western District of Washington, granted Hallatt's motion, denying Trader Joe's leave to amend its federal claims. Trader Joe's filed an amended complaint asserting only Washington state claims. Hallatt then filed a motion to dismiss for failure to state a claim, which the district court granted on December 18, 2013.

On appeal, the Ninth Circuit Court of Appeals affirmed the dismissal of Trader Joe's state-law claims but reversed the dismissal of Trader Joe's federal claims and remanded for further proceedings. *Trader Joe's Co. v. Hallatt*, 835 F.3d 960 (9th Cir. 2016). The mandate issued on September 21, 2016. (Dkt. No. 44).

**(A)   Basis for the Court's Jurisdiction**

Because Trader Joe's claims arise under the Lanham Act, the Court has federal-question subject-matter jurisdiction under 28 U.S.C. § 1331. The Ninth Circuit panel ruled that the extraterritorial reach of the Lanham Act does not implicate federal courts' subject-matter jurisdiction. 835 F.3d at 968. Hallatt has consented to the Court's exercise of personal jurisdiction.

**(B)   Trader Joe's Claims**

Trader Joe's asserts claims under the Lanham Act for trademark infringement, false advertising, and dilution based on Hallatt's resale of TRADER JOE'S-brand goods outside of Trader Joe's quality-control structure. Trader Joe's also asserts claims for trademark and trade dress infringement and false advertising based on Hallatt's use of Trader Joe's marks and other source-identifying elements, as well as confusingly similar variations thereof, in connection with the operation of Pirate Joe's. Examples include Hallatt's use of the name "Pirate Joe's" and Hallatt's imitation of Trader Joe's famous "South Pacific" trade dress in his store design.

**(C)   Hallatt's Defenses**

Hallatt denies the claims asserted in Trader Joe's complaint. Hallatt asserts that he is legally entitled to purchase Trader Joe's products from Trader Joe's stores, transport

those products to Canada, and resell those products in his store. Hallatt asserts that his method of transporting Trader Joe's products does not materially alter the quality of the products. Hallatt denies that he is mimicking or has mimicked Trader Joe's trademark or trade dress. Hallatt asserts that no one has been confused, or is likely to be confused, as to the fact that Hallatt is reselling Trader Joe's-branded products, without Trader Joe's affiliation, authorization, or sponsorship. Hallatt denies that any customer has complained of becoming ill from any Trader Joe's products sold in his store.

**2.    Whether the Matter May be Resolved on Dispositive Motions**

At this time, the parties do not believe this matter is likely to be capable of resolution on dispositive motions.

**3.    Proposed Deadline for Amending the Pleadings and Joining Additional Parties**

The parties propose March 28, 2017 as the deadline for amending the pleadings and joining additional parties.

Trader Joe's Complaint names Hallatt as an individual doing business as Pirate Joe's and also known as Transilvania Trading. If Trader Joe's learns during this action that "Pirate Joe's" and/or "Transilvania Trading" are separate legal entities rather than fictitious business names of Hallatt or that other individuals or entities are responsible for the conduct alleged in Trader Joe's Complaint, Trader Joe's intends to seek leave of the Court to amend its Complaint to include these individuals and/or entities as defendants.

**4.    Whether the Parties Jointly Consent to Assignment of this Case to a United States Magistrate Judge**

The parties do not consent to assignment of this case to a United States Magistrate Judge.

**5.    Whether the Court Should Employ ADR Options and, If So, at What Stage of the Litigation**

The parties are open to exploring alternative dispute resolution and would be interested in setting a mediation date at or near the close of fact discovery.

**6.   Proposed Briefing Schedule for Dispositive Motions**

The parties propose the following timeline for dispositive motions:

| | |
|---|---|
| 8/17/2017 | Filing Deadline for Dispositive Motions |
| 9/7/2017 | Filing Deadline for Opposition Briefing |
| 9/28/2017 | Filing Deadline for Reply Briefing |

**7.   Proposed Discovery Plan**

**(A)   Initial Disclosures**

Pursuant to the Court's orders, initial disclosures were exchanged by the Parties on August 9, 2013.

**(B)   Subjects, Timing, and Potential Phasing of Discovery**

Discovery in this action has already commenced.  Trader Joe's has taken (or expects to take) discovery from Hallatt and/or third parties, into topics including, but not limited to: the management and operations of Transilvania Trading aka Pirate Joe's, including Hallatt's acquisition, transportation, and storage of Trader Joe's products; the identity of any individuals or entities that are responsible in some manner for the alleged infringing conduct and the nature of their involvement in that conduct; Hallatt's sales and profits from the allegedly infringing activity; and the willfulness of Hallatt's alleged infringement.

Hallatt expects to take discovery of Trader Joe's and/or third parties on various topics, including without limitation:  Trader Joe's quality control policies and procedures for obtaining foods and transporting those goods to Trader Joe's stores; Trader Joe's customer complaints on food-quality-related issues (including customers complaining of spoiled or expired foods, or customers complaining of illness as a result of consuming Trader Joe's products) and Trader Joe's responses to same; Trader Joe's product recall policies and procedures; state or federal regulatory investigations into Trader Joe's food quality and sources of products and outcomes of same; and Trader Joe's evidentiary support for allegations in the complaint.

Discovery will be accomplished through interrogatories, requests for production, requests for admission, depositions, and third-party subpoenas. The parties propose the following timeline for discovery:

| | |
|---|---|
| 5/17/2017 | Close of Non-Expert Discovery |
| 6/7/2017 | Initial Expert Disclosure & Report Deadline |
| 6/28/2017 | Rebuttal Expert Disclosure & Report Deadline |
| 8/4/2017 | Close of Expert Discovery (includes noticing deadline for discovery motions) |

**(C)** **Electronically Stored Information**

The parties agree to proceed pursuant to Parts A through E of this Court's Model Agreement Regarding Discovery of Electronically Stored Information ("Model ESI Agreement"). As to Paragraph E.3 regarding acceptable file formats, the parties agree to produce ESI in TIFF format with a companion text file, or, if not feasible, in native format. Of the Additional Provisions for More Complex Cases, the parties agree to adopt Paragraphs 2, 3, and 5 but will not adopt Paragraphs 1 and 4.

**(D)** **Privilege Issues**

The parties agree to proceed pursuant to Paragraph D.3 of this Court's Model ESI Agreement, which provides, in the event of production of a privileged document:

> Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

In addition, the parties and their counsel agree to abide by RPC 4.4(b), which provides that a lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender.

The parties agree that communications solely between litigation counsel in this matter and their clients need not be listed on the parties' respective privilege logs.

**(E)  Protective Order**

The parties anticipate filing a proposed stipulated protective order to protect confidential, proprietary, or private information.

**(F)  Proposed Limitations on Discovery**

The parties propose limiting fact depositions to a total of 35 hours total per side. The parties further propose that Trader Joe's be allowed two days to depose Hallatt, based on the centrality of Hallatt's conduct to Trader Joe's claims and Trader Joe's inability to depose "Pirate Joe's" as an organization under Rule 30(b)(6). The two days of deposition should be taken consecutively, however, unless the parties agree otherwise.

For all other forms of discovery, the parties propose that the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure apply.

**(G)  Issues Related to Expert Disclosures**

The parties propose that Daubert motions follow the same schedule as dispositive motions.

**8.  Local Rule 26(f)(1) Topics**

**(A)  Prompt Case Resolution**

The parties are actively exploring the potential for settlement but have no proposals to make at this time regarding prompt case resolution.

**(B)  Alternative Dispute Resolution**

See paragraph 5 above.

**(C)  Related Cases**

The parties are not aware of any related cases that need to be brought to the Court's attention.

**(D)    Discovery Management**

The parties agree that the Federal Rules of Civil Procedure apply to discovery between the parties, including the discovery of information in the custody or control of any party's foreign affiliate. Trader Joe's also proposes that, to the extent Hallatt intends to rely on any foreign witnesses (or evidence obtained from foreign witnesses) to support his claims or defenses, discovery from those witnesses should be taken in accordance with the Federal Rules of Civil Procedure without resort to the Hague Convention.

Hallatt agrees that he, and witnesses under his control, will be subject to the Federal Rules of Civil Procedure. Hallatt does not agree that discovery of foreign witnesses over whom Hallatt does not have control (or evidence obtained from such foreign witnesses) should be taken in accordance with the Federal Rules of Civil Procedure without resort to The Hague Convention.

Should the parties reach an agreement, they will present a proposed order to the Court by stipulation. Should the parties fail to reach an agreement, they will present the issue to the Court for resolution by motion.

**(E)    Anticipated Discovery Sought**

See paragraph 7(B) above.

**(F)    Phasing Motions**

Trader Joe's does not believe that phasing motions would facilitate early resolution of potentially dispositive issues.

**(G)    Preservation of Discoverable Information**

Both parties have instituted litigation holds regarding materials relevant to this action.

**(H)    Privilege Issues**

See paragraph 7(D) above.

**(I)     Model ESI Agreement**

See paragraph 7(C) above.

**(J)     Alternatives to Model ESI Agreement**

See paragraph 7(C) above.

**9.     Agreements Regarding Service**

The parties consent to service by email pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties agree to include the case name in the subject line for documents served by electronic means. Service on Trader Joe's shall be made to piratejoes@omm.com. Service on Hallatt shall be made to alexander.nathan@dorsey.com; keyes.mike@dorsey.com; knerr.erica@dorsey.com; taverniti.nancy@dorsey.com; todd.carrie@dorsey.com; yang.andrea@dorsey.com.

**10.    Proposed Case Schedule**

The parties propose the following schedule of major case events:

| Date | Event |
| --- | --- |
| 3/28/2017 | Deadline for Amended Pleadings and/or Joining Additional Parties |
| 5/17/2017 | Close of Non-Expert Discovery |
| 6/7/2017 | Initial Expert Disclosure & Report Deadline |
| 6/28/2017 | Rebuttal Expert Disclosure & Report Deadline |
| 8/4/2017 | Close of Expert Discovery (includes noticing deadline for discovery motions) |
| 8/17/2017 | Filing Deadline for Dispositive Motions and Daubert Motions |
| 9/7/2017 | Filing Deadline for Opposition Briefing |
| 9/28/2017 | Filing Deadline for Reply Briefing |
| 10/4/2017 | Filing Deadline for Motions in Limine |
| 10/11/2017 | Filing Deadline for Opposition to Motions in Limine |
| 10/21/2017 | Pretrial Conference |
| 11/6/2017 | Trial |

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 28, 2016 | **YARMUTH WILSDON PLLC** |
| 3 | | By */s/ Jeremy E. Roller* |
| 4 | | Scott T. Wilsdon, WSBA No. 20608<br>Jeremy E. Roller, WSBA No. 32021 |
| 5 | | 818 Stewart Street, Suite 1400<br>Seattle, WA  98101 |
| 6 | | Telephone:     206.516.3800<br>Facsimile:      206.516.3888 |
| 7 | | Email:            wilsdon@yarmuth.com |
| 8 | | **O'MELVENY & MYERS LLP** |
| 9 | | Brian M. Berliner (admitted *pro hac vice*) |
| 10 | | Jordan Raphael (admitted *pro hac vice*)<br>400 South Hope Street |
| 11 | | Los Angeles, CA  90071-2899<br>Telephone:     213.430.6000 |
| 12 | | Facsimile:      213.430.6407<br>Email:             bberliner@omm.com; |
| 13 | | Tim Byron (*pro hac vice* application to be filed) |
| 14 | | 2 Embarcadero Center, 28th Floor<br>San Francisco, CA 94111 |
| 15 | | Telephone:     415.984.8899<br>Facsimile:      415.984.8701 |
| 16 | | Email:            tbyron@omm.com |
| 17 | | *Attorneys for Plaintiff Trader Joe's Company* |
| 18 | | |
| 19 | Dated: November 28, 2016 | **DORSEY & WHITNEY LLP** |
| 20 | | By */s/ Nathan Alexander*<br>Nathan Alexander, WSBA No. 37040 |
| 21 | | Michael Keyes, WSBA No. 29215<br>Andrea Yang, WSBA No. 50613 |
| 22 | | 701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104-7043 |
| 23 | | Telephone: 206.903.8800<br>Facsimile: 206.903.8820 |
| 24 | | Email: alexander.nathan@dorsey.com<br>Email: keyes.mike@dorsey.com |
| 25 | | Email: yang.andrea@dorsey.com |
| 26 | | *Attorneys for Defendants* |

JOINT STATUS REPORT – Page 10

# CERTIFICATE OF SERVICE

I hereby certify that this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Nathan T. Alexander (alexander.nathan@dorsey.com)
Patchen M. Haggerty (haggerty.patchen@dorsey.com)
DORSEY & WHITNEY LLP

*Attorneys for Defendant Michael Norman Hallatt*

Dated: November 28, 2016 at Seattle, Washington.

                                           *s/Jeremy E. Roller*
                                           Jeremy E. Roller