The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRADER JOE'S COMPANY, a California Corporation, | No. 2:13-cv-00768-BJR |
| Plaintiff, | **TRADER JOE'S MOTION TO SEAL** |
| v. | NOTE ON MOTION CALENDAR: August 11, 2017 |
| MICHAEL NORMAN HALLATT, an individual, d/b/a PIRATE JOE'S a/k/a TRANSILVANIA TRADING; and DOES 1-10, | |
| Defendants. | |

## I.      INTRODUCTION

Plaintiff Trader Joe's Company files this Motion to Seal requesting that the Court maintain under seal Trader Joe's Opposition to Motion for Withdrawal of Counsel ("Trader Joe's Opposition"), the Declaration of Brian M. Berliner in Support of Trader Joe's Opposition ("Berliner Declaration"), and Exhibits C, D, and E to the Berliner Declaration. Trader Joe's Opposition, the Berliner Declaration, and Exhibits C, D, and E to the Berliner Declaration contain information about the terms of a settlement agreement between the parties, disclosure of which would cause irreparable prejudice and harm to Trader Joe's.

TRADER JOE'S MOTION TO SEAL
NO. 2:13-cv-00768-BJR – Page 1

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

## II.     CERTIFICATION

The undersigned counsel certifies that counsel for Trader Joe's attempted in good faith to confer with Defendant Michael Hallatt and his counsel prior to filing this motion, as required by Local Civil Rule 5(g)(3)(A) and this Court's Amended Standing Order (Dkt. No. 54). On July 5, 2017, Trader Joe's counsel emailed Mr. Hallatt and his counsel of record—Michael Matesky of Matesky Law PLLC and Michael Atkins of Atkins IP PLLC—informing them of Trader Joe's intent to file this motion and requesting a telephonic meet-and-confer session. Declaration of Jordan Raphael in Support of Trader Joe's Motion to Seal ("Raphael Decl.") ¶ 3, Ex. A. On July 6, 2017, Mr. Matesky replied, "Mike Atkins and I will defer to Mike Hallatt on this, as we are no longer authorized to act on his behalf." *Id.* As of the filing of this motion, Mr. Hallatt has not responded to Trader Joe's request to meet and confer. *Id.* ¶ 3.

## III.     ARGUMENT

### A.     Legal Standard

Because Mr. Hallatt's motion to withdraw is non-dispositive and at most "tangentially related to the merits of [this] case," the present motion to seal is governed by the "good cause" standard applicable to the issuance of protective orders under Federal Rule of Civil Procedure 26(c). *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–99, 1101 (9th Cir. 2016); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("The 'good cause' standard is not limited to discovery."); *Sun Life Assurance Co. of Canada v. O'Connor*, No. C16-0799-JCC, 2017 WL 1479470, at *1 (W.D. Wash. Apr. 25, 2017) (granting motion to seal exhibit to motion for attorney fees and costs under "good cause" standard). This is a "less exacting" standard than the "compelling reasons" standard that governs the sealing of documents attached to motions that relate directly to the merits of the underlying litigation, and the presumption of public access does not apply. *Ctr. for Auto Safety*, 809 F.3d at 1097–99; *see also In re Midland Nat'l Life Ins.*

YARMUTH WILSON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1 | *Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Kamakana v. City*
2 | *& Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006) ("The public policies that
3 | support the right of access to dispositive motions, and related materials, do not apply with
4 | equal force to non-dispositive materials.").

**B. Good Cause Supports Granting Trader Joe's Motion to Seal**

6 | Good cause for sealing is present here. Trader Joe's Opposition, the Berliner
7 | Declaration, and Exhibits C, D, and E to the Berliner Declaration contain information about
8 | the terms of a settlement agreement between the parties. Raphael Decl. ¶¶ 3–8. Both
9 | public and private interests warrant maintaining the confidentiality of this information.

10 | First, the strong public interest in promoting settlement of disputes before trial
11 | warrants sealing the documents at issue in Trader Joe's Motion to Seal. *See Microsoft*
12 | *Corp. v. Motorola, Inc.*, No. C10-1823-JLR, 2012 WL 5476846, at *2 (W.D. Wash. Nov.
13 | 12, 2012) (concluding that "the importance of encouraging frank settlement negotiations
14 | outweighs the public's interest in knowing what was discussed in those settlement
15 | negotiations"); *Christensen Shipyards, Ltd. v. St. Paul Fire & Marine Ins. Co.*, No. C06-
16 | 0641-JCC, 2007 WL 564241, at *1, *2 (W.D. Wash. Feb. 16, 2007) ("Intervenors and
17 | Plaintiff's interest in having their confidentiality agreements enforced, and the Court's
18 | policy of promoting the resolution of disputes through settlement outweigh the public's
19 | right to access information regarding the settlement amount in the Underlying Litigation.").
20 | This important policy interest is reflected in Local Civil Rule 39.1(a)(6), which establishes
21 | that all proceedings within the Court's Alternative Dispute Resolution Program "shall, in all
22 | respects, be confidential, and shall not be reported, recorded, placed in evidence, disclosed
23 | to anyone not a party to the litigation, made known to the trial court or jury, or construed
24 | for any purpose as an admission or declaration against interest." In contrast, there is little to
25 | no public interest in disclosure of the terms of the parties' settlement agreement, which
26 | concerns the resolution of a lawsuit between private parties involving their business affairs.

TRADER JOE'S MOTION TO SEAL
NO. 2:13-cv-00768-BJR – Page 3

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

1    *Cf. Hendrix v. Branton*, No. C93-537-TSZ-RSM, 2012 WL 2455741, at *4 (W.D. Wash.

2    June 26, 2012) (finding no "overriding need for the public to know the intricate financial

3    details of the 1995 Settlement Agreement").  And as mentioned in Section III.A, *supra*, the

4    public's interest in access to judicial records is diminished where those documents are filed

5    in connection with non-dispositive motions that do not bear on the merits of the case.  *See*

6    *Kamakana*, 447 F.3d at 1179–80; *cf. Microsoft*, 2012 WL 5476846, at *2 (deeming public

7    interest in contents of settlement negotiations relatively low based on negotiations' lack of

8    relevance to ultimate issues in the case).

9            Second, the strong private interests at issue here also warrant sealing.  In particular,

10   it is appropriate to seal filings that include "business information that might harm a

11   litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598

12   (1978); *Ctr. for Auto Safety*, 809 F.3d at 1097.  The terms on which Trader Joe's agreed to

13   settle this action constitute proprietary business information that Trader Joe's is entitled to

14   keep confidential; Trader Joe's has a legitimate and strong competitive interest in

15   maintaining the confidentiality of its business decisions, including the terms on which it is

16   willing to settle a particular litigation.  The details and terms of litigation settlements could,

17   if disclosed, be used against Trader Joe's by third parties to unfairly "benchmark" future

18   settlement demands.  Public disclosure of the terms on which Trader Joe's is willing to

19   settle a matter would be prejudicial to Trader Joe's business interests, and the inability to

20   settle litigation on terms that will remain confidential may impair Trader Joe's willingness

21   and ability to resolve disputes through settlement.

22           Trader Joe's will file public versions of Trader Joe's Opposition and the Berliner

23   Declaration with the confidential information redacted and will file Exhibits C, D, and E to

24   the Berliner Declaration under seal.  Less restrictive alternatives either would insufficiently

25   protect the public and private interests at stake or would prevent the Court's full

26   consideration of the basis for Trader Joe's Opposition.  In particular, redaction of Exhibits

TRADER JOE'S MOTION TO SEAL
NO. 2:13-cv-00768-BJR – Page 4

YARMUTH  WILSON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1   C, D, and E to the Berliner Declaration is not a viable option, because every substantive

2   portion of the three exhibits discloses information about the terms of the parties' settlement

3   agreement.  *Cf. Hendrix*, 2012 WL 2455741, at *4 ("Financial terms are included

4   throughout the 1995 Agreement. Therefore, redacting all financial information from the

5   agreement would not allow the Court the opportunity to review the full Agreement.").

### IV.    CONCLUSION

7          For the foregoing reasons, Trader Joe's requests that the Court grant Trader Joe's

8   Motion to Seal and maintain the seal on Trader Joe's Opposition, the Berliner Declaration,

9   and Exhibits C, D, and E to the Berliner Declaration.  Should the Court deny Trader Joe's

10  Motion to Seal as to any document, pursuant to Local Civil Rule 5(g)(6) Trader Joe's

11  respectfully requests that the Court (1) withdraw from the record Trader Joe's Opposition

12  and all supporting documents and (2) grant Trader Joe's leave to file an amended version of

13  Trader Joe's Opposition that does not rely on any confidential information or documents

14  the Court has deemed not subject to sealing.

15  Dated: July 7, 2017.                          YARMUTH WILSDON PLLC

16                                                By  *s/Jeremy E. Roller*
                                                  Scott T. Wilsdon, WSBA No. 20608
17                                                Jeremy E. Roller, WSBA No. 32021
                                                  1420 Fifth Avenue, Suite 1400
18                                                Seattle, WA 98101
                                                  Telephone: 206.516.3800
19                                                Facsimile: 206.516.3888
                                                  jroller@yarmuth.com
20                                                wilsdon@yarmuth.com

21
22                                                O'MELVENY & MYERS LLP

23                                                By  *s/Brian M. Berliner*
                                                  Brian M. Berliner, (pro hac vice)
24                                                400 South Hope Street
                                                  Los Angeles, CA 90071-2899
25                                                Telephone: 213.430.6000
                                                  Facsimile: 213.430.6407
26                                                bberliner@omm.com

TRADER JOE'S MOTION TO SEAL
NO. 2:13-cv-00768-BJR – Page 5

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

BYRON RAPHAEL LLP

By  s/Jordan Raphael
Jordan Raphael, (pro hac vice)
Tim Byron (pro hac vice)
jraphael@omm.com
tbyron@omm.com

*Attorneys for Plaintiff Trader Joe's Company*

TRADER JOE'S MOTION TO SEAL
NO. 2:13-cv-00768-BJR – Page 6

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on this date I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system, which will send notification of such filing to the

4  following counsel of record:

5
   Michael P. Matesky, II (mike@mateskylaw.com)
6  MATESKY LAW PLLC
   1001 Fourth Avenue, Ste. 3200
7  Seattle, WA 98154

8  Michael G. Atkins (mike@atkinsip.com)
   Atkins Intellectual Property, PLLC
9  113 Cherry Street, #18483
   Seattle, WA 98104-2205
10

11
   *Attorneys for Defendant Michael Norman Hallatt*
12

13       Dated:  July 7, 2017 at Seattle, Washington.

14                              *s/Jeremy E. Roller*
                               Jeremy E. Roller
15

16

17

18

19

20

21

22

23

24

25

26



YARMUTH  WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

760.01 rg070606 7/7/17