UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRADER JOE'S COMPANY, | CASE NO. C13-768 BJR |
| Plaintiff, | MINUTE ORDER |
| v. | |
| MICHAEL NORMAN HALLATT, | |
| Defendant. | |

The following minute order is made by the direction of the court, the Honorable Barbara J. Rothstein, United States District Judge:

On August 28, 2017, the Court received an email from Defendant with a subject heading which read "Brief in Support of a Motion to Reconsider." Attached was a document which, upon review, was actually a reply brief to the Plaintiff's responsive brief filed (at the Court's order) in Defendant's pending motion for reconsideration. Upon reading the document it became apparent that, in addition to making arguments responsive to those raised by Plaintiff in its brief, Defendant had alleged new facts and propounded new legal arguments not previously made in

his briefing. Nowhere in his reply brief does Defendant explain why these factual allegations and legal arguments could not have been raised in his original brief.

The Court STRIKES Defendant's reply brief. In the order requesting a response from Plaintiff to Defendant's motion for reconsideration, the Court clearly stated: "No reply from Defendant is authorized at this time. If the Court requires a reply brief from Defendant, he will be so notified." (Dkt. No. 110 at 2.) Defendant was not "so notified" and his reply brief is thus unauthorized.

It is possible that the Court will call for a reply from Defendant. If that request is made, Defendant is cautioned that he must confine his briefing to (1) facts which were alleged in the opening and responsive briefs and (2) legal arguments previously raised by himself or Plaintiff. Reply briefing is not the proper vehicle for new facts or argument, unless a party can establish valid grounds as to why they could not have been presented earlier.

Furthermore, Defendant is advised to review the Local Rules of the Western District of Washington, the Federal Rules of Civil Procedure and the orders of this Court. While he is entitled to a certain amount of leeway as a *pro se* party, he is nevertheless expected to thoroughly review, understand and abide by the federal procedural requirements and the orders of this Court.

The clerk is ordered to provide copies of this order to Defendant and to all counsel.

Filed August 28, 2017.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk